IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANITA GUPTA, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA No. 07-243 |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| SEARS, ROEBUCK AND CO. | ) | |
| AND SEARS HOLDING CORPORATIONS, | ) | |
| corporations | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

FISCHER, District Judge.

### I.   INTRODUCTION

This is an employment discrimination case brought by Anita Gupta ("Plaintiff") who was an employee of the Sears, Roebuck and Co. ("Defendant") store located in Bethel Park, PA. Docket No. 1 at ¶10. Plaintiff, a native of India, was hired at the Sears store on October 29, 1986 and worked as a cashier until she was discharged in November of 2005. Plaintiff was fifty (50) years old when she was discharged. *Id.* at ¶¶1, 9, 10. At that time, Plaintiff bought a pair of earrings during a special "Friends and Family Night" sale at the store where she was employed. *Id.* at ¶11. When the sales associate processed the purchase, Plaintiff found that the computer had granted Plaintiff an employee discount, which was inappropriate for this particular purchase. As a result, Plaintiff was granted an extra $18.50 off the purchase price of the earrings. *Id.* at ¶12,

1

13. Plaintiff informed the sales associate of the improper discount, but was told by the associate that the discount could not be reversed and, therefore, must have been appropriate. *Id.* at ¶14. On the day after the sale, Plaintiff again brought the inappropriate discount to the attention of other employees. These employees informed Plaintiff that the discount was appropriate and that other employees had received similar discounts without issue. *Id.* at ¶15. Plaintiff was subsequently confronted by the Store Manager and Loss Prevention Officer concerning the discount. The Store Manager and Loss Prevention Officer discharged Plaintiff allegedly so that Defendant could hire a much younger employee at a substantially reduced salary. *Id.* at ¶17. For purposes of the Motion to Dismiss, Defendant does not dispute these facts.

Plaintiff brought this action (Docket No. 1) against Defendant on February 26, 2007, alleging employment discrimination and condoning a hostile work environment based on race and national origin in violation of 42 U.S.C. §1981; age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA") and Title VII of the Civil Rights Act of 1964. 42 U.S.C. §2000e, et.seq.; breach of contract; breach of an implied covenant of good faith and fair dealing; intentional infliction of emotional distress; and negligent infliction of emotional distress.

Defendants filed a Partial Motion to Dismiss Plaintiff's Complaint on May 4, 2007 seeking the dismissal of the following allegations in Plaintiff's Complaint: employment discrimination and hostile work environment in violation of 42 U.S.C. §1981, to the extent that the Complaint alleges discrimination based on national origin; Plaintiff's age discrimination claim to the extent that it is alleged as a Title VII violation; intentional infliction of emotional distress and negligent infliction of emotional distress.

On June 11, 2007, the Court issued an Order dismissing certain allegations of Plaintiff's Complaint claiming breach of implied covenant of good faith and fair dealing pursuant to the parties' agreement to the same. Additionally, the Order dismissed Plaintiff's wrongful discharge claim, as it is preempted by the Pennsylvania Human Relations Act ("PHRA"). Subsequently, the Court heard oral argument pertaining to Defendants' Partial Motion to Dismiss as to all remaining causes of action on June 18, 2007. During the course of oral argument, the Court issued an Order dismissing Plaintiff's cause of action based on claimed negligent infliction of emotional distress, with prejudice. At oral argument, Plaintiff asked for leave to amend the remaining counts of Plaintiff's Complaint still at issue, should the Court find it necessary. For the reasons set forth below, Defendants' motion to Dismiss will be **GRANTED in part** and **DENIED in part.**

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989.) Dismissal of a complaint is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir. 2000) (citing *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996)). The question is not whether the Plaintiff will ultimately prevail; instead, it is whether the plaintiff can

prove any set of facts consistent with the averments of the complaint which would show the plaintiff is entitled to relief. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994). Under this standard, a complaint will be deemed sufficient if it adequately puts the defendant on notice of the essential elements of a cause of action. *Nami,* 82 F.3d at 66.

## III.   DISCUSSION

### A.   Plaintiff's §1981 Claim

In Count I of her Complaint, Plaintiff alleges employment discrimination based on race and national origin in violation of 42 U.S.C. §1981. Defendant has moved to dismiss Plaintiff's Complaint to the extent that the Complaint alleges discrimination based on national origin, contending that §1981 only prohibits discrimination based on race and does not give rise to a discrimination claim based on national origin. Docket No. 4 at 3. In support of this contention, Defendant cites the Supreme Court's decision in *St. Francis College v. Al-Khazraji,* 481 U.S. 604, 613 (1987) and *Ganthier v. North Shore-Long Island Jewish Health Sys., Inc.* 345 F.Supp. 2d 271, 281-82 (E.D. N.Y. 2004), which cites the *St. Francis* decision.

The issue of whether §1981 creates a cause of action for discrimination based upon national origin has been widely debated. While Defendant is correct that the Supreme Court touched on this issue in *St. Francis College,* the *St. Francis* decision case is not entirely on point with the issue in this case. The Plaintiff in *St. Francis* brought a §1981 claim alleging race, national origin, and religion. The Court focused its opinion on whether discrimination against an Arab individual (of Iraqi origin) could give rise to a cause of action under §1981. The issue for the Court became not, whether the plaintiff in that case could claim discrimination based on *both*

race and national origin, but rather, the Court looked more specifically at traditional interpretations of "race" under §1981 to determine whether or not a plaintiff of Arab descent could have a claim for discrimination under §1981. The Court did ultimately hold that national origin *alone* could not give rise to a §1981 claim, but further held that properly pled, ancestry and ethnicity could give rise to a §1981 claim. *Id.*

The Court held, in *St. Francis*, that particular ethnic groups (particularly, groups that technically fall under the racial classification of "Caucasian") could be considered groups afforded protection under §1981, equal to that protection traditionally afforded to non-Caucasian, minority races that the statute originally sought to protect. Specifically, the Court held that discrimination against the plaintiff, given his Arab ancestry, is prohibited by §1981. *Id.*

("Based on the history of § 1981, we have little trouble in concluding that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory.")

Here, Defendant is seeking to have Count I of Plaintiff's Complaint dismissed to the extent that it alleges discrimination based on national origin. Defendant has not argued that Plaintiff's §1981 claim of discrimination based on race is improper. Rightly so, because individuals of Indian descent have been clearly held to be a group afforded protection under §1981. Courts even before and certainly after the *Saint Francis* decision have held that Plaintiffs who plead Indian ancestry properly plead race for purposes of protection under §1981. *Banker v. Time Chemical, Inc.,* 579 F.Supp. 1183 (N.D. Ill. 1983) and *Jatoi v. Hurst-Euless Bedford Hosp.*

5

*Authority,* 807 F.2d 1214 (5th Cir. 1987).

In the instant case, Plaintiff has alleged in her Complaint that she is a native of India, with a noticeable accent. Docket. No. 1 at ¶9. Plaintiff has also pled that she is an individual of Indian origin. *Id.* Plaintiff has further pled that she is a member of a protected class based upon *both* her race and national origin. Considering these facts in the light most favorable to the Plaintiff, she has sufficiently pled facts showing that she is afforded protection under §1981 and is entitled to relief. See *St. Francis College,* 481 U.S. at *613 ("If respondent on remand can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion, he will have made out a case under § 1981.").

In sum, Defendants' Motion to Dismiss to the extent that it alleges discrimination based on national origin, is futile insofar as Plaintiff has not failed to properly plead a case under §1981. Futhermore, Plaintiff has not merely pled that she was discriminated against based on the fact that she immigrated to the United States from India, but rather she has also pled that she is a woman of color and has a noticeable accent. Docket No. 1 at ¶24. These characteristics are clearly evidence of her Indian ethnicity. To the extent that Plaintiff can demonstrate that she was subjected to intentional discrimination based on the fact that she was born an Indian, rather than solely on the place on the place or nation of her origin, then in that event (as in *St. Francis*) she will have made out a case under §1981. See *St. Francis College,* 481 U.S. at *613.

In this case, the fact that Plaintiff is a native of India is inextricably tied to physical manifestations of her Indian ethnicity. See *Rumala v. New York City Transit Authority,* No.

02CV3828SLTKAM, slip op. at *9 (E.D. N.Y. August 26, 2005). (citing, *Ganthier v. North-Shore Long Island Jewish Health System, Inc.,* 345 F.Supp.2d 271, 281 (E.D.N.Y.2004) "Under Section 1981, 'race' includes ancestry and ethnicity."As a result, his employment discrimination claims can still be brought under § 1981.) (Also citing, *Sowemimo v. D.A.O.R Security,* 43 F.Supp.2d 477, 491 (S.D.N.Y.1999), considering a Nigerian plaintiff's § 1981 claim, stating "Sowemimo, as a black woman of African descent, is a member of a racial minority."; *Ekadem v. District of Colombia,* 1992 U.S. Dist. LEXIS 4822, at *5-6 (D.D.C. Apr. 10, 1992), denying defendant's motion to dismiss where Nigerian plaintiff alleged that he had been discriminated against based on national origin and referred to being African and black in his complaint.)

Therefore, although Plaintiff has averred "national origin" as the basis for her claim under §1981, she has also properly pled race as the basis of the same. For these reasons, Defendants' Motion to Dismiss as to Count I of Plaintiff's Complaint is **DENIED**.

### B. Plaintiff's Title VII Claims

In Count II of her Complaint, Plaintiff alleges employment discrimination in violation of the ADEA and Title VII of the Civil Rights Act of 1964. Defendant has moved to dismiss Count II of the Complaint to the extent that Plaintiff alleges a violation of Title VII. Specifically, Defendant contends that Plaintiff has failed to state a claim for relief under Title VII because, in the paragraphs of Count II of Plaintiff's Complaint, Plaintiff only alleges facts supporting age discrimination and cites to the ADEA. Docket No. 4 at 4.

While Defendants are correct in their assertion that Title VII does not prohibit discrimination based on age, but rather prohibits discrimination based on race, color, religion, sex or national origin, 42 U.S.C. §2000e, Plaintiff has sufficiently pled a claim for relief under

Title VII based on national origin, race and color in Count I. In Count II of her Complaint, Plaintiff has pled only age discrimination. However, in Count I, Plaintiff alleges discrimination based on race and national origin, because she is a native of India and of a noticeably different race. Docket. No. 1 at ¶¶ 24, 27. Plaintiff further alleges that, based on her race and national origin, she was discriminated against and suffered an adverse employment action in the form of discharge. *Id.* at ¶¶24, 27. Because Plaintiff has sufficiently pled discrimination based on race and national origin, Plaintiff's Complaint, to the extent that it alleges a Title VII violation will not be dismissed. Rather, Plaintiff is given leave to amend her potential Title VII claim. For these reasons, Defendants' Motion to Dismiss Count II of Plaintiff's Complaint to the extent that it alleges a violation of Title VII is **DENIED** and Plaintiff is **GRANTED LEAVE TO AMEND**, within twenty (20) days of this Court's order.

C. **Plaintiff's Hostile Work Environment claims.**

Plaintiff alleges a claim for condoning a hostile work environment under §1981 based on the discrimination she experienced. Defendant has moved to dismiss the entirety of this claim of on the grounds that (1) §1981 does not apply to claims of discrimination based on age and national origin and (2) because Plaintiff has failed to properly plead facts sufficient to support a claim for race-based hostile work environment. As to this second issue, Defendant specifically argues that Plaintiff has failed to plead facts sufficient to show that the discrimination alleged was severe and pervasive, as is required when pleading a claim for hostile work environment under §1981.

First, as to Defendants' contention that Plaintiff is not entitled to relief under §1981 for hostile work environment based on age and national origin, the issue here parallels the issue

8

discussed in reference to Count I of Plaintiff's Complaint. Namely, a claim for hostile work environment cannot be brought under a claim of national origin discrimination, *alone*. *St. Francis College v. Al-Khazraji,* 481 U.S. 604. See also *Beauburn v. Intercultural Family,* Civil Action No. 05-0688, slip op., at *4 (E.D. Pa. July 13, 2006).[1] As discussed above, so long as the claim of discrimination based on race has been properly pled, the pleadings will be sufficient.*Id.* Furthermore, a claim for condoning hostile work environment arising from discrimination based on national origin is properly pled under Title VII. 42 U.S.C. §2000e. Therefore, because Plaintiff has pled hostile work environment arising from discrimination in the workplace based on national origin, Plaintiff may amend her Complaint to include a claim of condoning a hostile work environment under Title VII.

Secondly, Defendant argues that Plaintiff is not entitled to relief because she has failed to plead facts sufficient to support a claim for condoning a hostile work environment. To establish a prima facie case for a hostile work environment in the Third Circuit, a Plaintiff must show (1) that she suffered intentional discrimination because of her membership in a protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the Plaintiff; (4) the discrimination would have affected a reasonable person in the same position; and (5) the existence of respondeat superior liability. *West v. Philadelphia Elec. Co.,* 45 F.3d 744, 753 (3d Cir. 1995). The requirements are the same for hostile work environment claims brought under both §1981 and Title VII. *See West* 45 F.3d at 744 (1995). Here, Defendant argues

---

[1] In *Beauburn,,* the Eastern District of Pennsylvania analyzed a claim for discrimination based on national origin in violation of §1981 and a claim for hostile work environment arising from discrimination based on national origin under the same analysis.

9

that Plaintiff has failed to plead facts sufficient to support a claim for condoning a hostile work environment because she has not shown that the underlying discrimination was pervasive and regular.

While Defendant argues that Plaintiff has not pled facts sufficient to show that the discrimination was pervasive and regular, arguing that the one incident of discriminatory behavior (Plaintiff's discharge) is not enough to meet this requirement, in responding to 12(b)(6) motions, the Third Circuit has been liberal in its treatment of "pervasive" and "regular," especially in light of Rule 8(a) of the Federal Rules of Civil Procedure. The Third Circuit has held that the requirements of "pervasive" and "regular" must be looked at in the context of the overall scenario of the discrimination, not simply at an individual incident. *Durham Life Insurance Co. v. Evans,* 166 F.3d 139 (3d Cir. 1999). Furthermore, the Third Circuit has held that "a Complaint [at the 12(b)(6) stage] requires only a 'short and plain statement' to show a right to relief, not a detailed recitation of the proof that will in the end establish such a right."*Pryor v. Nat'l Collegiate Athletic Ass'n* 228 F.3d 548 (2000), citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (3d Cir. 2003). *See also Long v. Pizza Hut Store,* Civil Action No. 03-0738, slip op. at *2 (W.D. Pa. Nov. 5, 2005). Plaintiff is only required, in her Complaint, to put Defendant on notice of her claim of a hostile work environment, not to prove the elements of such claims. *Wait v. Beck's N.Am. Inc.,* 241 F.Supp.2d 172, 179 (N.D.N.Y. 2003). This standard applies to hostile work environment claims, as well as all other employment discrimination claims. *Id.*

In this case, Plaintiff has pled that Defendants' conduct created a hostile work environment because of Defendants' failure to prevent harassment allegedly directed at her and

the discipline to which Plaintiff was subjected based on her age, race and national origin. Notwithstanding the issue of whether national origin and age are properly pled at Count I, at this stage in the proceedings, as Plaintiff has alleged harassment, it would be improper to determine here whether that harassment was severe or pervasive. *Id.* at ("On a motion to dismiss, a plaintiff need not lay bare her proof or demonstrate a prima facie case of hostile work environment; rather, plaintiff need only give fair notice of what her claims are and grounds upon which they rest..."), citing Fed. Rules Civ. Proc. Rule 12(b)(6), 28 U.S.C.A. Rather, the issue of whether discrimination was severe or pervasive is fact specific and more appropriately addressed at the summary judgment stage. *Id.* at *177. Furthermore, considering the pleadings in the light most favorable to the Plaintiff, Plaintiff has put Defendant on notice of her claim for relief whereby she claims defendant condoned a hostile work environment. Specifically, she alleges intentional actions by Plaintiff's supervisors and the failure of Defendant to act on the supervisors' actions. Furthermore, Defendant relies on case law wherein the Court has ruled at the summary judgment stage (where, through discovery, all of the facts have been developed) that Plaintiffs have not shown all elements of a claim for hostile work environment. (See *Konstantopolous v. Westvaco Corp.*, 112 F.3d 710, 716 (3d Cir.1997) and subsequent case law cited by Defendant as to this issue.) Therefore, given the liberal light in which Plaintiff's claims should be considered at this stage, Defendants' Motion to Dismiss is **DENIED** and Plaintiff is **GRANTED LEAVE TO AMEND** her Complaint within twenty (20) days of this Court's order.

### D.    Plaintiff's Intentional Infliction of Emotional Distress Claim

In Count VI of her Complaint, Plaintiff alleges intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege that the

11

Defendant intentionally or recklessly caused severe emotional distress to Plaintiff. Restatement (Second) of Torts §46(1), quoted in *Taylor v. Albert Einstein Med.Cir.*, 562 Pa. 176, 754 A.2d 650, 652 (Pa. 2000). See also *Pope v. Rostraver Shop and Save*, No. 2:06-CV-1009, slip op. at *4 (W.D. Pa. March 9, 2007). For claims arising in Pennsylvania, a Plaintiff must plead that (1) the conduct was extreme and outrageous; (2) the conduct was intended; (3) the conduct caused emotional distress; and (4) the distress was severe. *Silver v. Mendel,* 894 F.2d 598, 606 n. 16 (3d Cir. 1990). Plaintiff is also required to assert as an accompaniment to a claim of emotional distress, some physical manifestation of that distress. *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988 (Pa. 1987); *Abadie v. Riddle Memorial Hospital*, 404 Pa.Super. 8, 589 A.2d 1143 (Pa. Super.1991).

  In this case, the dispositive issue is whether Plaintiff has sufficiently pled facts and/ or circumstances to demonstrate that Defendants' conduct was extreme and outrageous. In order to state a claim for intentional infliction of emotional distress, Plaintiff must ultimately show that Defendants' conduct was conduct that exceeded the bounds of decency and is utterly intolerable in civilized society. *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super.Ct. 2005); *Cox v. Keystone Carbon Co.,* 861 F.2d 390 (3d Cir. 1988). Termination of employment, in and of itself, will not generally be considered sufficient to support a claim that Defendants' actions were extreme and outrageous. *Foster v. JLG Indus.,* 372 F.Supp.2d 792, 801 (M.D. Pa. 2005).

  Indeed, Defendant is correct in stating that Courts have been reluctant to find extreme and outrageous conduct in cases of employment termination, citing *Cox v. Keystone Carbon Co.,* 861 F.2d 39, ("Keystone can only be said to have dismissed [Plaintiff] with an improper motive and notwithstanding the potential effects on [Plaintiff], [Defendant's] actions, examined with

12

Pennsylvania precedent as the relevant backdrop, do not appear to rise to the level of outrageousness which is required under Pennsylvania law. Thus, although we agree with the district court that [Plaintiff's] dismissal could have been handled with more empathy and finesse, we must nevertheless conclude that [Defendant's] behavior was not so outrageous as to allow a reasonable jury to afford Cox relief on his intentional infliction of emotional distress"). See e.g., *Glickstein v. Consolidated Freightways*, 718 F.Supp. 438, (E.D. Pa. 1989) (employer's discharge of an employee allegedly based on age did not rise to the level of extreme and outrageous for purposes of claiming intentional infliction of emotional distress); *Frankel v. Warwick Hotel*, 881 F.Supp. 438 (E.D.Pa. 1995)(a father threatening his son, also his employee, with termination because the son refused to divorce his wife was not extreme and outrageous); *Lantz v. University Hospital*, Civ. A. No. 96-2671, 1996 WL 442795 (E.D.Pa. July 20, 1996) (fact that discharge may have been improperly motivated does not rise to the level of extreme and outrageous).

  Plaintiff has alleged that Defendant discharged Plaintiff after Plaintiff received an inappropriate employee discount on a pair of earrings. Docket. No. 1 at ¶ 13. Plaintiff, knowing that the discount was inappropriate, brought this to the attention of her co-workers, who informed her that the discount was correct. *Id.* At ¶ 14.

  Considering the facts in a light most favorable to the Plaintiff (as this Court must on a Motion to Dismiss), the Defendant allegedly discharged Plaintiff in what would appear to be an arbitrary manner, since other employees had allegedly violated the same company policy. Further, Plaintiff avers that she made an attempt to rectify the mistake and to refuse the discount. While, considering the facts in this light makes Defendants' actions seemingly unjust and objectionable, because Plaintiff did potentially violate Defendants' policy, it would be difficult to

13

contend that, in discharging Plaintiff for this reason, Defendants' conduct was extreme and outrageous.

Furthermore, in its brief in support of this motion, Defendant argues that Plaintiff's claim for intentional infliction of emotional distress should fail because Plaintiff has failed to allege physical injury. In her Complaint, Plaintiff has pled that, as a direct and proximate cause of Defendants' conduct, she has suffered mental pain and anguish. However, Defendant has not alleged any physical harm in addition to this emotional harm. See *Abadie*, 404 Pa.Super at *10 (where the court held, "Although appellant does aver in her amended Complaint that she is suffering from psychological factors affecting her physical condition and, further, that she will be required to expend substantial sums of money for medical care for her injuries, she does not plead the nature of her physical ills or injuries.")

Therefore, Plaintiff has failed to properly plead a claim for intentional infliction of emotional distress, insofar as she has failed to plead facts of physical injury or illness[2] resulting from the alleged emotional distress in addition to the fact that she has not pled facts or circumstances that rise to a level of extreme and outrageous.

Therefore, Defendants' Motion to Dismiss as to Plaintiff's claim of intentional infliction of emotional distress is **GRANTED** and Plaintiff is **GRANTED LEAVE TO AMEND** her Complaint within twenty (20) days of this Court's order.

The Court then holds in abeyance its ruling as to whether Plaintiff's intentional infliction of emotional distress claim is barred by the Pennsylvania Workers' Compensation Act.

---

[2] Plaintiff's Reply and Brief in Support to Defendant's Partial Motion to Dismiss notes injury and illness to Plaintiff. Docket No. 13 at 9. However, Plaintiff has not pled any such physical injury or illness in her Complaint.

## IV.  Conclusion

Accordingly, this 3rd day of August, 2007, upon hearing parties' oral argument and upon consideration of Defendants' Sears Roebuck & Co. and Sears Holding Corporation Partial Motion To Dismiss (Docket No. 3) and Plaintiff's Response thereto (Docket No. 13), IT IS HEREBY ORDERED that said motion (Docket No. 3) is **GRANTED in part and DENIED in part** without prejudice to Defendants Sears Roebuck & Co. and Sears Holding Company renewing these defenses at the summary judgment stage, following the completion of discovery. It is also ordered that Plaintiff amend her Complaint at Counts II and VI within twenty (20) days of this Court's order.  An appropriate order follows.

*/s/ Nora Barry Fischer*

Nora Barry Fischer

United States District Judge


cc:    All ECF registered counsel