# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANITA GUPTA, )
    Plaintiff, )
)
vs. ) Civil Action No. 07-243
)
SEARS, ROEBUCK AND CO. )
AND SEARS HOLDING CORPORATIONS, )
    Defendants. )

## MEMORANDUM ORDER

This matter is before the Court on Defendants' Motion to Dismiss Count V of Plaintiff's Amended Complaint [DE 28], filed by Defendants Sears, Roebuck and Co. and Sears Holding Corporations (collectively, "Defendants") on September 17, 2007. In their motion, Defendants move to dismiss only Count V of Plaintiff's Amended Complaint, which pleads intentional infliction of emotional distress stemming from Plaintiff's termination and alleged discrimination.[1] In particular, Defendants assert that the alleged conduct at issue fails to rise to the level of "extreme and outrageous" and that Plaintiff's claim is barred by the exclusivity provision of the Pennsylvania Workers' Compensation Act ("WCA"), 77 Pa. C.S.A. § 481(a).

"In order to sustain a claim for intentional infliction of emotional distress, the plaintiff must establish four elements: (1) the conduct of the defendant must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) the conduct must cause emotional distress; and (4) the distress must be severe. *Hitchens v. County of Montgomery*, No. 01-2564, 2002 WL 207180, at *9 (E.D. Pa. Feb. 11, 2002) (citations omitted). Defendants only challenge the second prong.

While the Court is cognizant of the case law discussing the rarity of extreme and outrageous

---

[1] Because the Court only recently recounted the facts in this case in great detail, the Court declines to do so again here. For a detailed recitation of the factual and procedural background as to this case, *see* Docket No. 23.

conduct for purposes of intentional infliction of emotional distress in the employment context, the Court cannot say, at this early stage of the litigation, that the conduct as properly plead in Plaintiff's Amended Complaint fails to rise to the level of extreme and outrageous conduct as a matter of law. *See Rivera v. Cracker Barrel Old Country Store Inc.*, No. 02-4160 (JBS), 2003 WL 21077965, at *6 (D. N.J. Mar. 3, 2003) (providing that "rare is the dismissal of an intentional infliction of emotional distress claim on a motion to dismiss"). Therefore, accepting as true all allegations in Plaintiff's Amended Complaint as to Count V and all reasonable inferences that can be drawn therefrom, and viewing them in the light most favorable to Plaintiff, as this Court is required to do on a motion to dismiss, *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir. 1989), and under the liberal notice pleading standards of the Federal Rules, the Court finds that Plaintiff has pled sufficient facts to state a cause of action for intentional infliction of emotional distress in order to withstand a motion to dismiss.

Next, as to Defendant's argument that the WCA bars Plaintiff's claim for intentional infliction of emotional distress, the Court finds that Plaintiff has pled sufficient direct facts, and drawing reasonable inferences therefrom, to meet the "personal animus" exception of the WCA in that Plaintiff alleges that others did not suffer the same consequences for the same conduct. *See* 77 Pa. Stat. Ann. § 411(1) (providing that "personal animus" exception applies to injuries caused "by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment"). Considering the fact intensive nature of this inquiry and that, in the Court's estimation, Plaintiff's Amended Complaint raises an inference of personal animosity as a possible motivation for Defendants' conduct here, the Court finds that Plaintiff has pled sufficient facts to survive through this early stage and move into

discovery.

Accordingly, Defendants' Motion to Dismiss Count V of Plaintiff's Amended Complaint [DE 28] is denied. To the extent that Defendants have not yet fully and completely responded to Plaintiff's Amended Complaint, Defendants shall do so on or before November 23, 2007.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   November 2, 2007

cc:   All counsel of record.